IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

DANIEL DALE TUCKER,                *
                                   *
           Petitioner,             *
                                   *   CASE NO. 6:06-CV-44 (WLS)
v.                                 *
                                   *
RANDY TILLMAN, Warden,             *   28 U.S.C. § 2254
                                   *   Habeas Corpus
           Respondent.             *

**REPORT AND RECOMMENDATION**

On May 31, 2002, Petitioner Tucker, who is currently serving a sentence in Ware State Prison, in Waycross, Georgia, pled guilty in the Colquitt County Superior Court to child molestation and aggravated child molestation. (R-2, p. 1). Petitioner was sentenced to serve twenty years in prison for each count concurrently. *Id.* Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-2, p. 2). On December 19, 2003, the Court of Appeals affirmed Petitioner's convictions. *See Tucker v. The State*, 264 Ga. App. 872, 592 S.E.2d 521 (2003).

On or about September 28, 2004, Petitioner filed a state habeas petition in the Superior Court of Ware County. (R-14, Ex. 2). After an evidentiary hearing October 21, 2004, the petition was ultimately denied on April 25, 2005. (R-9, Ex. 2 and 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court January 17, 2006. (R-9, Ex. 4). On June 26, 2006, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-2). Respondent filed his Answer-

Response on September 25, 2006. (R-6).

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A) (emphasis added). In *Kaufmann v. United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter*

*alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id*. at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

Respondent, perhaps, missed the untimeliness of Petitioner's present petition due to an incorrect date listed in Petitioner's Federal Habeas Petition. (R-9, Ex. 1). Petitioner listed May 5, 2005, as the date he filed his state habeas corpus petition and April 25, 2005, as the date he received a result. (R-9, Ex. 1). Respondent apparently concluding that Petitioner made a scrivener's error, interpreted the date of filing as May 5, 2003. (R-7, p.2). However, a judgment was not entered in Petitioner's direct appeal to the Georgia Court of Appeals until December 19, 2003, and therefore any such petition filed before that date would have been premature. (R-9, Ex. 5). The exhibits provided by Respondent, however, show that Petitioner actually signed his Application for Writ of Habeas Corpus to the State of Georgia, on September 28, 2004, and thus calculations for the AEDPA time limitations period were made from that date. (R-9, Ex. 2).

Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals within which to file an application for *writ of certiorari*. Since

Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on December 29, 2003, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1). Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on December 30, 2003, and ran until the day the Petitioner filed his state habeas petition on September 28, 2004, allowing 273 days of his 365-day period to elapse.

As set out above, the AEDPA one year limitations period provides that "the time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The United States Supreme Court, held that "... an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 321 U.S. 4 (2000) (emphasis added). The Eleventh Circuit has further held that "[E]ven prior to *Artuz,* this Court held that a petitioner's state post-conviction application must meet state filing deadlines in order to toll AEDPA's one-year limitation period." *Wade v. Battle,* 379 F.3d 1254, 1260 (11th Cir. 2004); citing *Webster v. Moore,* 199 F.3d 1256, 1258 (11th Cir. 2000).

As such, Petitioner's one-year time period for filing his § 2254 petition was tolled

4

during the pendency of his state habeas petition. Hence, Petitioner had 92 days left in which to file a § 2254 petition when his certificate of probable cause was denied by the Georgia Supreme Court on January 17, 2006. Based on the foregoing, then, when Petitioner filed his federal habeas petition on June 25, 2006, which was 159 days after his certificate of probable cause was denied, Petitioner's federal limitations period had already expired. Petitioner's petition was, therefore, 67 days out of time. Thus, Petitioner's application must be concluded to be barred by the AEDPA statute of limitations.

THEREFORE, IT IS RECOMMENDED that Petitioner's § 2254 action be **DISMISSED** as untimely. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 15th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc