**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| DANIEL DALE TUCKER, | : | |
| Petitioner, | : | |
| v. | : | 7:07-cv-118 (WLS) |
| RANDY TILLMAN, Warden, | : | |
| Respondent. | : | |

**ORDER**

Before the Court is a Recommendation from United States Magistrate Judge G. Mallon Faircloth filed on May 15, 2007 (Doc. 17) and Petitioner's Motion to Expand Record (Doc. 16). It is recommended that Petitioner's § 2254 action be dismissed as untimely. (Doc. 17). Petitioner filed a timely objection to the Report and Recommendation on May 25, 2007. (Doc. 18).

In the Recommendation, it was found that Petitioner's pending § 2254 claim was untimely, and therefore recommended that Petitioner's claim be dismissed. (Doc. 17). Petitioner filed a direct appeal of his May 31, 2002 conviction with the Georgia Court of Appeals, and on December 19, 2003, the Court of Appeals affirmed his conviction. *Id*. It was also found that Petitioner did not seek *certiorari* to the Georgia Supreme Court; therefore his conviction became final on December 29, 2003. *Id.* The May 2003 state habeas petition filed by Petitioner before his conviction was final was found to be premature. *Id.* Subsequently, Petitioner filed a proper state habeas petition on September 28, 2004, which tolled the statute of limitations for Petitioner's § 2254 petition. *Id.* This filing was two hundred seventy-three (273) days after Petitioner's conviction became final, thus leaving ninety-two (92) days remaining under the statute of limitations for Petitioner to file a timely § 2254 petition. *Id.* Ultimately, Petitioner's certificate of probable cause was denied by the Georgia Supreme Court on January 17, 2006 and Petitioner filed his Federal habeas petition on June 25, 2006, sixty-seven (67) days after the statue of limitations expired to bring such a claim. *Id.*

In his objection, Petitioner contends that while his May 5, 2003 state habeas petition was

1

premature, it was not improper. (Doc. 18). Petitioner argues that the state court merely held his state habeas petition until December 19, 2003 when his conviction was affirmed and the state habeas petition became ripe for review. *Id.* Petitioner contends, therefore, that no time elapsed between the time Petitioner's conviction became final and his subsequent collateral attack. *Id.* Also, Petitioner contends that the September 28, 2004 filing referenced by Magistrate Judge Faircloth was an amended application, "bringing new grounds," and not the initial filing of his state habeas petition. *Id.*

It is fundamental that habeas corpus relief is limited to challenging the validity of present detention. Burson v. Gresham, 221 Ga. 814, 814 (1966). Thus it is clear that Petitioner's initial habeas petition could not have properly been considered by the state court. Additionally, upon full review of the record, it appears that the Superior Court of Ware County did not hold a hearing on, or fully consider, Petitioner's state habeas corpus request until the "amended" application was filed on September 28, 2004. (Doc. 9, Respondent's Exhibit 3). Therefore, as noted by Magistrate Judge Faircloth, Petitioner's state habeas claim was not properly filed until the September 28, 2004 "amended" petition was filed. (Doc. 17). Accordingly, Plaintiff's objections (Doc. 18) are **DENIED**.

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 17) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein. Accordingly, Petitioner's § 2254 claim (Doc. 2) is **DISMISSED**. Petitioner's Motion to Expand Record (Doc. 16) is **DISMISSED as MOOT.**

**SO ORDERED**, this __18th__ day of December, 2007.

    /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**