**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| DANIEL DALE TUCKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. 7:07-CV-118 (WLS) |
| v. | : | |
| | : | |
| RANDY TILLMAN, Warden, | : | 28 U.S.C. § 2254 |
| | : | Habeas Corpus |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

On May 31, 2002, Petitioner Tucker, who is currently serving a sentence in Ware State Prison, in Waycross, Georgia, pled guilty in the Colquitt County Superior Court to child molestation and aggravated child molestation. (R-2, p. 1). Petitioner was sentenced to serve twenty years in prison for each count concurrently. *Id.* Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-2, p. 2). On December 19, 2003, the Court of Appeals affirmed Petitioner's convictions. *See Tucker v. The State*, 264 Ga. App. 872, 592 S.E.2d 521 (2003).

On May 5, 2003, Petitioner filed a state habeas petition in the Superior Court of Ware County. (R-29, Exhibit 1). After an evidentiary hearing October 21, 2004, the petition was ultimately denied on April 25, 2005. (R-9, Exhibits 2 and 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court January 17, 2006. (R-9, Exhibit 4). On June 26, 2006, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. (R-2). Respondent filed his Answer/Response on

September 25, 2006. (R-6). After this Court dismissed Petitioner's current application for habeas relief as untimely on December 17, 2007 (R-19), Petitioner appealed to the Eleventh Circuit Court of Appeals (R-20). On August 15, 2008, the Court of Appeals remanded the case for further proceedings on the petition, finding that the petition was timely filed. (R-28).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>     (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
>         (A) the claim relies on –
>         (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then,

3

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claims

**I.    Due Process**

In **Grounds One** and **Five**, the Petitioner contends that his conviction was obtained in violation of his due process rights in that the trial court forced appointed counsel upon Petitioner over Petitioner's objections. (R-2, pp. 6 and 13). These grounds were raised by Petitioner in his direct appeal to the Georgia Court of Appeals, where they were decided against him. *See Tucker v. The State*, 264 Ga. App. 872, 873, 592 S.E.2d 521 (2003). There is nothing in the record to suggest that the decision by the Georgia appellate court resulted in a decision contrary to established federal law or was based on an unreasonable determination of the facts. *See Williams v. Taylor*, 120 S. Ct. at 1523. In fact, the Georgia Court of Appeals relied upon Georgia cases which themselves relied upon *Morris v. Slappey*, 461 U.S. 1, 13-14 (1983) (the Sixth Amendment does not guarantee a meaningful relationship between the accused and his counsel). *See Tucker*, 264 Ga. App. at 873. Furthermore, this Court is without authority to disturb the findings of a state court decision which is based on "independent and adequate state procedural grounds." *See, Coleman v. Thompson*, 501 U.S. 722 (1991). Therefore, it is recommended that Petitioner is not entitled to relief on **Grounds One** and **Five**.

## II. Knowing and Voluntary Plea

In **Ground Six,** Petitioner alleges that the trial court erred in accepting his guilty plea as it was not voluntarily submitted. (R-2, p. 13). Just as the individual claims in Grounds One and Five were raised by Petitioner in his direct appeal and decided adversely to him, the same is found to be the case in Ground Six. As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002).

The Georgia Court of Appeals noted that the record showed that Petitioner's guilty plea was knowingly and voluntarily entered. *Tucker*, 264 Ga. App. At 873. The Georgia Court of Appeals found that because of their prior holding, it was "unnecessary for [them] to address Tucker's additional argument that his guilty plea was 'tainted' by the trial court's erroneous refusal to allow him to discharge his attorney." *Id*.

Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims that his gulty plea was knowingly and voluntarily entered. The record reveals that the Georgia Court of Appeals found that no error occurred on the part of the trial court in Petitioner's case. *See Tucker v. The State*, 264 Ga. App. 872, 873, 592 S.E.2d 521 (2003). A review of that decision fails

to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on **Ground Six**.

### III. Ineffective Assistance of Counsel

In **Ground Four**, Petitioner alleges that he received ineffective assiatnce of counsel, in that counsel: 1) failed to insure that the original plea to ten years punishment was maintained; 2) lied to Petitioner regarding the availability of a bench trial, which created a conflict of interest; 3) misadvised Petitioner to plea guilty to Aggravated Child Molestation rather than Incest as originally agreed upon; 4) failed to prepare a pre-sentence investigative report to rebut any aggravating issues as per O.C.G.A. § 17-10-2(a); 5) failed to object and preserve as error, sentencing court's misstatement of law regarding the Sentence Review Board's ability to alter Petitioner's sentence; 6) failed to insure the court would issue a ruling as to whether or not substitute counsel would be appointed; 7) failed to discharge himself prior to any subsequent hearings from March 27, 2002, until the new plea was taken and sentence passed; 8) failed to discharge himself upon direct appeal and prejudiced Petitioner by the loss of a licensed attorney advocating ineffective counsel claims on direct appeal; 9) failed to raise grounds 1, 2, and 3 (as raised in the federal petition) on direct appeal; 10) failed to raise direct appeal enumeration of errors 1 and 2 to the state's highest court. (R-2, pp. 12-13).

Petitioner raised Ground Four in his state habeas petition. In analyzing Petitioner's

ineffective assistance of counsel claims as argued in his state habeas petition, the Ware County Superior Court relied on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hill v. Lockhart*, 474 U.S. 52, 57-8, 106 S.Ct. 366 (1985) (which held that the *Strickland* test for evaluating ineffective assistance of counsel claims also applied to guilty plea challenges based on ineffective assistance of counsel). The *Strickland* standard held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Id.* at 687. In *Woodford,* the United States Supreme Court held:

> Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

*Woodford v. Visciotti,* 537 U.S. 19, 24-5, 123 S.Ct. 357, 360, 361 (2002).

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly

7

established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams*, 529 at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of counsel. The Ware County Superior Court found that Petitioner had failed to establish either prong of ineffective assistance of counsel. (R-9, Exhibit 3, p. 16). Thus, the court found that Petitioner's claims failed the standard as set out in *Strickland*. A review of that decision fails to show that Petitioner has established that the state habeas court unreasonably applied the *Strickland* test. Furthermore, the Petitioner's contentions fail to show that the state habeas court's findings were contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. Thus, it is recommended that Petitioner is not entitled to relief on **Ground Four**.

**IV. Procedural Default**

In **Ground Two**, Petitioner contends that he was penalized by the sentencing court for exercising his constitutional right to meaningful access to the Court. (R-2, p. 7). In **Ground Three**, Petitioner contends that he was denied due process of law when he was allowed to withdraw his original guilty plea. (R-2, p. 9).

Respondent argues that the claims in Grounds Two and Three were found to be

8

procedurally defaulted by the state habeas court, and that this Court should defer to that ruling and decline to review the issue on its merits. The Eleventh Circuit Court of Appeals has held that "[P]rocedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision." *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999); *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.E.2d 865 (1195); *Meager v. Dugger*, 861 F.2d 1242, 1245 (11th Cir. 1988). "Second, if the petitioner simply never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal." *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Snowden v. Singletary*, 135 F.3d 732, 737 (11th Cir. 1998), cert. denied.

In the case at bar, the state court applied a procedural default principle of state law to arrive at the conclusion that Petitioner's federal claims were defaulted under O.C.G.A. § 9-14-48(d). A federal court is barred from a review of a state prisoner's federal claims where there is a failure to comply with an independent and adequate state procedural rule, unless the prisoner can show either 1) cause for the default and actual prejudice growing out to the alleged violation of federal law, or 2) a resulting fundamental miscarriage of justice if the federal court does not consider the claims. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct.

2546, 2565 (1991); *Aldridge v. Dugger,* 925 F.2d 1320, 1327 (11th Cir. 1991). A fundamental miscarriage of justice has occurred when a court finds that a constitutional violation has probably resulted in the conviction of an innocent person. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 2649 (1986).

The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray,* 477 U.S. at 488; *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 1472 (1991).

To meet the "prejudice" prong required, a federal habeas petitioner generally must show that a cause or circumstance beyond his control worked to his actual and substantial disadvantage, infecting his entire trial with error or constitutional dimensions. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 1596 (1982).

Likewise, a pro se petitioner is not exempt from the cause and prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497 (1977). A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural bar where other substantial evidence of guilt is present. *Sykes,* 433 U.S. at 91, 97 S.Ct. at 2508. A petitioner's "failure to act or think like a lawyer cannot be cause for failing to assert a claim" since he has no constitutional right to counsel during habeas corpus proceedings. *Harmon v. Barton,* 894 f.2d 1268, 1275 (11th Cir. 1990); *quoting Smith v. Newsome,* 876 F.2d 1461, 1465 (11th Cir. 1989); *see also McCoy v. Newsome,* 953 F.2d 1252 (1992).

The record reveals that Grounds Two and Three were raised by Petitioner in his state

10

habeas application[1] filed in Ware County. The same standard as noted above is applicable here. The state habeas court correctly determined Petitioner's claim was procedurally barred under O.C.G.A. §9-14-48(d) and *Black v. Hardin*, 255 Ga. 239, 336 S.E.2d 754 (1985), as Petitioner failed to raise the issue post-trial and on direct appeal. As to both counts, Petitioner has failed to establish cause for his failure to timely raise the issues or establish that a miscarriage of justice occurred which would excuse the default on these claims. Thus, **Grounds Two** and **Three** are procedurally barred and it is recommended that Petitioner is not entitled to relief on these grounds.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 25th day of August, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc

---

[1] Petitioner actually filed two petitions. (R-9, Exhibit 2 and R-29, Exhibit 1). The first petition, filed on May 5, 2003, was not included in the exhibits until the case was remanded by the Court of Appeals for the Eleventh Circuit for review on the merits. (See R-29, Exhibit 1). Both petitions were examined to insure that all of Petitioner's state habeas claims were addressed.