IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DANIEL DALE TUCKER, :
:
    Petitioner, :
:
v. :
: CASE NO: 7:07-CV-118 (WLS)
RANDY TILLMAN, *Warden*, :
:
    Respondent. :
:

# ORDER

Before the Court are (i) Petitioner's Motion to Expand Record (Doc. 16) and (ii) a Report and Recommendation from United States Magistrate Judge G. Mallon Faircloth, filed August 26, 2008 (Doc. 30). It is recommended that Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be denied. (Doc. 30 at 11). Petitioner timely filed an Objection to the Recommendation. (Doc. 31).

For the following reasons, (i) Petitioner's Motion to Expand Record (Doc. 16) is **GRANTED in part** and **DENIED in part**, and (ii) the objections set forth in Petitioner's Objection (Doc. 31) are **OVERRULED** and United States Magistrate Judge Faircloth's August 26, 2008 Report and Recommendation (Doc. 30) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) is **DENIED**.

# PROCEDURAL HISTORY

This Court previously adopted a Report and Recommendation (Doc. 17), over Petitioner's Objection (Doc. 18), finding the Petition to be time-barred and dismissing the claim. (Doc. 19). As a result, the Court also dismissed as moot Petitioner's pending Motion to Expand Record (Doc. 16). (Doc. 19 at 2). On appeal, Respondent's counsel submitted a confession of error, prompting the Eleventh Circuit to vacate the dismissal and remand the matter back to the Court. (Doc. 28). Respondent's counsel then filed as an exhibit Petitioner's original state habeas corpus petition, which was the document that had rendered Petitioner's state petition as timely. (Doc. 29). Following this filing, Judge Faircloth issued his instant Report and Recommendation (Doc. 30), and Petitioner entered his timely Objection thereto (Doc. 31).

## DISCUSSION

### I.     Petitioner's Motion to Expand Record (Doc. 16)

As Petitioner correctly observes in his instant Objection (Doc. 31), Petitioner's Motion to Expand Record (Doc. 16), previously denied as moot in the Court's Order dismissing the Petition as untimely (Doc. 19), was never reinstated on remand. (Doc. 31 at 2). In reviewing the Docket, the Court observes that Petitioner's Motion to Expand Record (Doc. 16) was unopposed. (*See generally* Docket). In reviewing the Motion, the Court observes that Petitioner proffers two Exhibits that are attached thereto. (Doc. 16). Exhibit 1 is a copy of the transcript of Petitioner's May 10, 2002 hearing before Colquitt County Superior Court Judge H. Arthur McLane. (Doc. 16-3). Exhibit 2 is a copy of the transcript of Petitioner's March 27, 2002 sentencing hearing before Colquitt County Superior Court Judge Richard T. Kent. (Doc. 16-4). Chronologically, then, the Court notes that Exhibit 2 comes before Exhibit 1.

The Court's interest is in perfecting the record, allowing it to conduct its *de novo* review and render a decision based upon all of the available relevant facts. The Rules Governing

Section 2254 Cases in the United States District Courts provide for such perfection of the record. For instance, Rules 5(c) and 5(d) require the respondent to attach to the answer certain transcripts, briefs, opinions, and dispositive orders. In addition to providing that "[t]he respondent must attach to the answer parts of the transcript that the respondent considers relevant," Rule 5(c) also permits the Court to "order that the respondent furnish other parts of existing transcripts." Therefore, the transcripts attached to Petitioner's Motion to Expand Record (Doc. 16) are subject to the Court's power to order an expansion of the record.

The Court finds it unnecessary and inefficient to order Respondent to furnish transcripts that have already been furnished by Petitioner, and thus will dispense with that formality. The Court, however, likewise finds it unnecessary and redundant to expand the record with items already found therein. The Court's review of the evidence remanded from the Eleventh Circuit shows that the document marked by Petitioner as Exhibit 2 – the March 27, 2002 sentencing hearing transcript – is already contained in the record. Thus, Petitioner's Motion to Expand Record (Doc. 16) is **DENIED** as to **Exhibit Two**. The Court's review of the record, though, shows that the document marked by Petitioner as Exhibit 1 – the May 10, 2002 hearing transcript – is absent from the record. Accordingly, Petitioner's Motion to Expand Record (Doc. 16) is **GRANTED** as to **Exhibit One**.

## II.     Report and Recommendation (Doc. 30) and Objections Thereto (Doc. 31)

Petitioner's Objection (Doc. 31) asserts five grounds of objection regarding the Report and Recommendation (Doc. 30). Each of the five grounds will be addressed in turn.

First, Petitioner objects to his alleged inability to respond to Respondent's Notice of Filing Exhibit 1 (Doc. 29), given the one (1) day of separation between filing of the Notice and entry of the Report and Recommendation. (Doc. 31 at ¶ 1; *compare* Doc. 29 (filed 08/25/2008)

*with* Doc. 30 (entered 08/26/2008)). Additionally, Petitioner describes the Report and Recommendation as "premature" – implying Petitioner's belief that the exhibit attached to the Notice (Doc. 29) was not considered by Judge Faircloth. The Court finds no merit in Petitioner's objections. Petitioner had no right to review the document attached to the Notice, because such document – Petitioner's original petition for state habeas corpus – is not contemplated by Rule 7(c) of the Rules Governing Section 2254 Cases in the United States District Courts, giving opposing parties "an opportunity to admit or deny the[] correctness" of certain items submitted in advance of a full-blown evidentiary hearing. Rather, Petitioner's original petition for state habeas corpus should have been submitted in the first instance by Respondent under Rule 5(d), and Rule 5 provides no right of review by a petitioner. Finally, Petitioner can assure himself that Judge Faircloth considered the May 5, 2003 state habeas petition, contained at Doc. 29, by reference to the footnote on Page 11 of the Report and Recommendation. (*See* Doc. 30 at 11 n.1). Thus, Petitioner's objection implying the contrary is **OVERRULED**.

Second, Petitioner objects to the Court's failure, following remand, to reinstate his Motion to Expand Record (Doc. 16). (Doc. 31 at ¶ 2). Petitioner's concerns have been addressed by the Court in Part I, *supra*, and therefore his objection is **OVERRULED**.

Third, Petitioner objects that, without considering the evidence contained in his Motion to Expand Record (Doc. 16), the Court "cannot render an objective and unbiased opinion." (Doc. 31 at ¶ 3). Although the Court does not agree with Petitioner's assessment, the Court simply assures Petitioner that the evidence contained in his Motion to Expand Record (Doc. 16) has been considered in the Court's *de novo* review, and therefore his objection is **OVERRULED**.

Fourth, Petitioner objects that, without considering the evidence contained in his Motion to Expand Record (Doc. 16), the Court's "findings are tainted by [the] absence of due process

and the absence of all the facts available." (Doc. 31 at ¶ 4). Again, as done in the paragraph immediately above, the Court assures Petitioner that the evidence contained in his Motion to Expand Record (Doc. 16) has been considered in the Court's *de novo* review, and therefore his objection is **OVERRULED**.

Petitioner's fourth objection additionally contains an omnibus objection, summarily stating that Petitioner "object[s] to the points of law and conclusions therefrom on each and every point taken by the [Magistrate] Court in its premature opinion through its Report & Recommendation." (Doc. 31 at ¶ 4). Petitioner makes no additional showing beyond his omnibus objection. (See generally *id.*). The Court finds this to be an inadequate showing, and therefore Petitioner's summary objection is **OVERRULED**.

Fifth and finally, Petitioner objects to Judge Faircloth's finding of a procedural bar as to Grounds 2 and 3 of the Petition. (Doc. 31 at ¶ 5). After introducing his objection to Ground 3, however, Petitioner fails to make any showing regarding Ground 3. (*See generally id.*). Petitioner's objection regarding Ground 3 is therefore **OVERRULED** due to an inadequate showing. Petitioner does advance an argument to his objection regarding Ground 2, stating that the procedural bar found by Judge Faircloth – that Petitioner failed to raise post-trial and on direct appeal the issue of the sentencing court's alleged penalization of Petitioner for exercising his constitutional right to meaningful access to the court (Doc. 30 at 8, 11) – is overcome by the "cause and prejudice" visited upon Petitioner. (*Id.*). Petitioner states that the "cause" factor here is the alleged ineffective assistance of counsel, and that the "prejudice" factor here is the 20-year sentence he believes was wrongfully imposed upon him. (*Id.*).

Judge Faircloth's Report and Recommendation states the law that "[t]he 'cause' excusing the procedural default must result from some objective factor *external to the defense* that

5

prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct." (Doc. 30 at 10 (citing McCleskey v. Zant, 499 U.S. 467 (1991); Murray v. Carrier, 477 U.S. 478 (1986)) (emphasis added)). Petitioner's attorney – whether or not said counsel was ineffective – was a member of the defense team, and thus could not have been external to the defense. Additionally, in the Eleventh Circuit, counsel's alleged ineffective assistance cannot be the "cause" of a procedural default in state post-conviction proceedings, such as post-trial and on direct appeal, "because there is no constitutional right to an attorney in such proceedings." Maples v. Allen, 586 F.3d 879, 891 (11th Cir. 2009) (quoting Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1344 (11th Cir. 2007)). Because Petitioner has not established a cause for his default, the Court need not decide if his default resulted in any prejudice. *Id.* at n.14. The Court, however, notes the following relevant colloquy between Petitioner's counsel and the sentencing judge, found in the transcript of Petitioner's July 2, 2002 Reconsideration of Sentence Hearing:

> MR. BECKSTROM: … I'd just like to reiterate and I'm not going to go over what I said in my letter, but I'd like to reiterate that much has been said about the withdrawal of the previous plea --
>
> THE COURT: -- I can short circuit that. I don't penalize anybody, as you well know, for exercising their rights, their constitutional rights.
>
> MR. BECKSTROM. Thank you, Your Honor.
>
> THE COURT: And I'm not going to in this case. I've got problems with this case, but that's not one of them.

(Recons. of Sentence Hr'g Tr., 5-6, July 2, 2002). The Court thus finds that Petitioner's objection fails to rebut the legally sound recommendation of Judge Faircloth regarding Ground 2 of the Petition, and the objection therefore is **OVERRULED**.

For the foregoing reasons, the objections set forth in Petitioner's Objection (Doc. 31) are **OVERRULED** and United States Magistrate Judge Faircloth's August 26, 2008 Report and

6

Recommendation (Doc. 30) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein together with the reasons stated and conclusions reached herein. Accordingly, Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) is **DENIED**.

    **SO ORDERED**, this 24th day of June, 2010.

                       /s/ W. Louis Sands
                       **THE HONORABLE W. LOUIS SANDS,**
                       **UNITED STATES DISTRICT JUDGE**